**\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 5/6/2019**

```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * *
                                 *
UNITED STATES OF AMERICA         *
                                 *   17-cr-157-01-PB
            v.                   *   June 8, 2018
                                 *   3:40 a.m.
KURT CARPENTINO                  *
                                 *
* * * * * * * * * * * * * * * * *




               TRANSCRIPT OF CHAMBERS CONFERENCE
             BEFORE THE HONORABLE PAUL J. BARBADORO
```

<u>Appearances</u>:

<u>For the Government</u>:   Seth R. Aframe, AUSA
                       Georgiana L. Konesky, AUSA
                       U.S. Attorney's Office
                       53 Pleasant Street
                       Concord, NH 03301


<u>For the Defendant</u>:    Jonathan R. Saxe, AFPD
                       Dorothy E. Graham, AFPD
                       Federal Public Defender Office
                       22 Bridge Street
                       Ralph Pill Building
                       Concord, NH  03301


<u>Court Reporter</u>:       Sandra L. Bailey, LCR, CM, CRR
                       Official Court Reporter
                       United States District Court
                       55 Pleasant Street
                       Concord, NH  03301
                       (603)225-1454

```
                        C H A M B E R S
           THE COURT:  Okay, so, I have not edited these.
I will edit them over the weekend.  I've been trying to
develop them on the fly as well as responding to legal
arguments being thrown at me at the last minute.  So I
reserve the right to make changes to them on my own
initiative as I edit them over the weekend.
           What I want to do now is I'll tell you that
the bulk of this instruction is boilerplate that I give
in virtually every case.  So I don't want to spend time
with you on these now.  Instead, I intend to have you
turn to page nine and to go over the core elements with
you and then I will ask you to email to the clerk by
5 p.m. tomorrow any additional objections or requests
that you have.
           If you object to an instruction I propose to
give, I want you to propose the language you believe I
should provide in substitution for the language that you
object to unless you conclude that there is no language
that should be given.  You should specify what language
you're objecting to and you should propose an
alternative if you have an alternative.
           If I've omitted something you proposed that I
give, you should provide a full copy of what you propose
I give as well as any authority you have to support it.
```

1  I'll come in on Sunday and edit it up and I will meet
2  with you Monday morning before closing arguments to tell
3  you finally what I propose to give.
4        Does everybody understand what I want to do?
5        MS. GRAHAM:  Yes.
6        MR. SAXE:  Yes.
7        THE COURT:  Okay.  So let's start on page
8  nine, causing the transportation of a minor with intent
9  to engage in sexual activity:
10       The defendant has been charged with a
11 violation of 18 USC Section 2423(a) which makes it a
12 crime for a person to knowingly transport an individual
13 who has not attained the age of 18 years in interstate
14 commerce with the intention that the individual engage
15 in any sexual activity for which any person can be
16 charged with a criminal offense.
17       That's just my paraphrasing of the statute.
18 Does anybody have any problem with that?  Again, you can
19 make a final decision as you review these more carefully
20 overnight, but it helps if you tell me now if you see a
21 problem, okay?
22       Essential elements of the offense.  I think
23 there are three:
24       In order for the defendant to be found guilty
25 of this charge, United States must prove each of the

1 following elements beyond a reasonable doubt:
2     First, that the defendant knowingly
3 transported Mackenzie Harvey in interstate commerce.
4 Second, at the time of the transportation Harvey was
5 under the age of 18 years. And third, at the time of
6 the transportation the defendant intended that Harvey
7 would engage in sexual activity for which any person
8 could be prosecuted under Vermont law.
9     Any problem with the way I've stated the
10 essential elements?
11     MR. SAXE: Well, that's what the statute says,
12 but I did research this and there wasn't an instruction
13 in the First Circuit that I could find, so, there's the
14 issue of if they could just be prosecuted for it, is
15 that enough, or does the person have to have -- well, I
16 have to look into it. In my mind it's complicated.
17     THE COURT: Okay, I'm not sure where you're
18 going.
19     MR. SAXE: Neither am I. That's why I'm not
20 going to --
21     THE COURT: Okay, I won't speculate, then,
22 until I know. I have had enough trouble understanding
23 arguments that you made in this case, Mr. Saxe, so I
24 will let you try to present it in writing to me
25 overnight, okay?

1         Does anybody have any other concerns that leap
2  out at them as they read through this statement?  As I
3  said, I revised slightly the government's proposal
4  because I feel the way I have it more accurately
5  captures the offense and I was concerned that as stated
6  by the government that it might mislead the jury into
7  thinking that unless Harvey had engaged in criminal acts
8  herself or it was an intention that Harvey engage in
9  criminal acts, that the defendant couldn't be convicted,
10 and I think the statute deals with that with the any
11 person language.
12        Transportation in interstate commerce:
13        I instruct you that a person is transported in
14 interstate commerce if the person is transported between
15 New Hampshire and Vermont.
16        Anybody have a problem with that?  Seems
17 pretty straightforward.  Okay.
18        Let me explain how I've dealt with the issue I
19 raised with you during the trial.  As I looked at the
20 statute and tried to parse it, I was concerned that --
21 it was unclear to me as to whether in order for there to
22 be criminal activity there must be both sexual activity
23 as that term is defined in federal law and a Vermont law
24 violation, and so I have set them out and it seems
25 redundant because the elements are virtually identical.

Case 1:17-cr-00157-PB Document 116 Filed 02/04/19 Page 6 of 10

6

1  There's a little, one little clause phrasing difference,
2  but I don't think it's material here, but nevertheless,
3  to be sure that I've captured any argument about how the
4  statute could be construed I decided to put both in.
5  So, sexual activity is drawn from the definition
6  verbatim in the statute of sexual activity.  And I
7  state:
8         Sexual activity for purposes of this case is
9  contact between the penis and the vulva that involves
10 penetration however slight, contact between the mouth
11 and the penis, and contact between the mouth and the
12 vulva.
13        That's, I didn't use the entire definition
14 because I didn't hear testimony about other types of
15 contact.  So that's verbatim, those portions of the
16 statute that appeared to relate to the case based on the
17 evidence in the case.  I did not hear the word vulva, so
18 I'm hoping that the jury can understand what the vulva
19 is, but we'll have to see.  I chose to use the exact
20 language in the statute.  Okay.
21        Then I propose to -- anybody have a problem
22 with that?  Then I propose to instruct on the Vermont
23 statute and say the following:
24        Engaging in a sexual act with a child who is
25 under the age of 16 is a crime in Vermont.  A sexual act

1   under Vermont law means conduct between persons
2   consisting of contact between the penis and the vulva,
3   the mouth and the penis, and the mouth and the vulva.
4   Yeah, means conduct between persons consisting of --
5   okay.  Because it would not be a crime under Vermont law
6   for the defendant to engage in a sexual act with Harvey
7   unless at that time she was under 16, you may not find
8   the defendant guilty unless the government proves beyond
9   a reasonable doubt that Harvey was -- Harvey was under
10  16 when the defendant transported her from New Hampshire
11  to Vermont.
12           Anybody have any issue with that?
13           MR. SAXE:  Nope.
14           THE COURT:  Okay.  Intention:
15           A defendant acts with an intention that a
16  person will engage in sexual activity for which any
17  person could be prosecuted if he acts voluntarily with
18  the specific intention that the person transported will
19  engage in sexual activity for which any person could be
20  prosecuted.  The United States does not need to prove
21  that the defendant's sole reason for transporting
22  Mackenzie Harvey from New Hampshire to Vermont was for
23  the purpose that she would engage in sexual activity --
24  I might rephrase that slightly.  A person may have
25  several different purposes or motives for such

1  transportation.  The government must prove beyond a
2  reasonable doubt, however, that at least one of the
3  defendant's substantial motivations was for Harvey to
4  engage in sexual activity.
5       That's what I've got on intention.  I should
6  have something in the discussion about -- let me think.
7  Does the government want me to put in something dealing
8  with the issue of consent?  So, I think I've had an
9  earlier version of this, some word about consent not
10 being a defense.  I think I need to add something like
11 that.  I'll work on something over the weekend but
12 something that will be to the effect that a consent by
13 the child is not a defense to a charge under Vermont law
14 of having engaging in a sexual act with a child under
15 age 16, something like that.
16      MR. AFRAME:  I was going to make a writing
17 suggestion, but --
18      THE COURT:  Go ahead.
19      MR. AFRAME:  I think it could go engaging in a
20 sexual act with a child who is under the age of 16 is a
21 crime in Vermont regardless of whether --
22      THE COURT:  Regardless of whether the child
23 consents or not, yeah, I think that's right.  Okay, so
24 I'm going to add after the word Vermont:
25      Regardless of whether the child consents to

1  the sexual act.  Okay.
2           And I've given intention.  And that's
3  basically what I think we need to instruct on.  Do you
4  have different thoughts?  Given your client's testimony
5  I think a lot of potential argument that you have has
6  gone out the window.  It's always now it becomes a do
7  you believe him or not case.  So, I don't think we need
8  to do anything else.
9           Do you have other specific instructions in
10 mind as you sit here now, understanding that you might
11 have some supplemental --
12          MR. SAXE:  I don't think so.
13          THE COURT:  No?  Okay, do you have anything
14 else?
15          MR. AFRAME:  No.
16          THE COURT:  The rest of it will be the
17 boilerplate.  Of course you should go over it.  I will
18 go over it.  I may strike certain things like sometimes
19 I have in there if an expert witness testifies when
20 there really wasn't an expert opinion witness, things
21 like that to the extent there is some testimony here,
22 some instruction that doesn't have any bearing on what
23 happened in the case, I may strike it.  I may clean up
24 grammatical errors and things because it's put together
25 quickly by my assistant.  But other than that I think

1  you're on notice of what I propose to do.  And I will
2  ask you to email the clerk by five.  Copy each other on
3  anything you email to the clerk.  The clerk will forward
4  the email to me.  I'll come in Sunday and do some more
5  editing, and we should have things ready for you to go
6  on Monday.
7           Anything else we need to talk about today?
8  Okay.  Good.  Thank you very much.
9           (Conference over at 3:55.)

12                    C E R T I F I C A T E

14           I, Sandra L. Bailey, do hereby certify that
15  the foregoing transcript is a true and accurate
16  transcription of the within proceedings, to the best of
17  my knowledge, skill, ability and belief.

21  submitted: 2/4/2019     __/s/ Sandra L. Bailey_____
                                  SANDRA L. BAILEY, LCR, CM, CRR